**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No.**

**ELVIS BOLING**

    **Plaintiff,**

**v.**

**CENTURYLINK, INC.**

    **Defendant.**

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

Plaintiff Elvis Boling by and through counsel, files this Complaint against CenturyLink, Inc. ("CenturyLink" or "Defendant") and states as follows:

## INTRODUCTION

1. This is a federal and state action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 USC. §201, et. seq. ("FLSA"), the Colorado Wage Claim Act, C.R.S. §§ 8-4-101, et. seq. ("CWCA"), and common law (under theories of unjust enrichment and *quantum meruit*) to recover unpaid wages and equitable relief.

2. At all relevant times, Defendant provided telecommunications services in the United States, including throughout the state of Colorado.

3. Defendant employed Plaintiff as a Senior Post Sales Engineer and/or Senior Service Assurance Engineer ("Senior Post Sales Engineer") to handle Global account post-sale network operations and related technical issues.

4. Defendant improperly classified Plaintiff as "executive," "administrative," "professional," or any other exempt class of worker when classified as a "Senior Post Sales Engineer."

5. The Defendant uniformly denied wages to Plaintiff for hours worked on behalf of the Defendant. More specifically, Defendant failed to pay overtime to the Plaintiff.

6. The Defendant's deliberate failure to pay Plaintiff overtime compensation violates the FLSA.

7. The Defendant's deliberate failure to pay Plaintiff overtime compensation violates the CWCA.

8. Plaintiff was subjected to the illegal policy and practice of failing to compensate Plaintiff for all time worked, including failing to pay associated overtime wages.

9. This cause of action is brought to recover from Defendant unpaid wages, overtime compensation, a declaratory judgment, liquidated damages, and the costs and attorneys' fees associated with the bringing of this action, plus any additional relief that is just and proper for Plaintiff.

**JURISDICTION AND VENUE**

10. The preceding allegations are incorporated by reference as if fully stated herein.

11. The FLSA and CWCA authorize court actions by private parties to recover damages for violation of their respective wage and hour provisions.

12. This Court has jurisdiction over this action pursuant the FLSA, 29 U.S.C. § 216(b), federal question jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

13. Venue is proper under 28 U.S.C. §1391(b)(1) and § 1391(c), as the Defendant conducts business within this District, and many of the acts complained of occurred in this District.

**COVERAGE**

14. The preceding allegations are incorporated by reference as if fully stated herein.

15. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA because he was an individual employed by an employer. Plaintiff was an "employee" of Defendant within the meaning of FLSA because:

   a. the Defendant exercised control over Plaintiff's work schedule, work tasks and work processes;

   b. the Plaintiff had no opportunity to experience a profit or loss consistent with the characteristics of being an independent businessman;

   c. the Plaintiff did not invest in Defendant's business, did not include amount of large capital expenditures, such as risk capital and capital investments, not negligible items, or labor itself;

   d. Plaintiff did not transfer from place to place as particular work is offered to him; Plaintiff worked for only one employer, Defendant, and such relationship was continuous and of indefinite duration;

   e. Plaintiff did not "make any independent judgments," and thus did not exercise his skills "in any independent manner;"

   f. Plaintiff's services were a necessary component of Defendant's business; and

   g. Plaintiff did not bring his own tools or equipment to work; all tools and equipment were property of Defendant.

16. At all times material hereto, Defendant was an "employer" within the meaning of FLSA because Defendant acted directly or indirectly in the interest of the employer in relation to an employee.

17. At all times material hereto, Defendant was an employer because it had the ability to do the following with respect to Plaintiff: hire and fire, supervise work schedules and conditions of employment, determined rates and method of payment, and were obligated under the law to maintain employment records.

18. Also, at all times material hereto, Defendant was an employer because it had exclusive operational control over Plaintiff, was solely responsible for the day-to-day operations, and had direct responsibility for the supervision of the Plaintiff.

19. At all times material hereto, Defendant had two (2) or more employees.

20. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

21. Also, the annual gross revenue of Defendant was in excess of $500,000 per annum during the relevant time periods.

22. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

## PARTIES

23. The preceding allegations are incorporated by reference as if fully stated herein.

24. At all times pertinent hereto, Plaintiff Elvis Boling was a citizen of the United States of America and resident of the State of Colorado with the residential addresses of 6355 W. 68th Circle, Arvada, Colorado 80003. Plaintiff worked as a "Senior Post Sales Engineer." At all times pertinent hereto, Plaintiff was misclassified as non-exempt employee of the Defendant.

25. Upon information and belief, Defendant's principle place of business is located at 100 CenturyLink Drive, Monroe, Louisiana 71203, with a local facility located at 930 15th Street, Denver, Colorado 80202.

## FACTUAL BACKGROUND AND ALLEGATIONS

26. The preceding allegations are incorporated by reference as if fully stated herein.

27. Plaintiff worked as a "Senior Post Sales Engineer" to handle Global account post-sale network operations and related technical issues.

28. Plaintiff routinely worked in excess of forty (40) hours per workweek.

29. Plaintiff provided post-sale technical support, operations and repair escalations.

30. Plaintiff monitored and drove resolution of chronic services issues.

31. Plaintiff was responsible for identifying and driving resolution of procedural, order flow, and technical issues that are potential customer service issues.

32. Plaintiff provided data and feedback to internal groups on network performance and planning requirements.

33. Plaintiff served as technical resource to the customer and account team to provide stewardship reporting to the customer and account team.

34. Plaintiff participated in customer proposals as they relate to post sale service.

35. Plaintiff assisted in the introduction of new products and services.

36. Plaintiff acted as the customer's advocate when there were repair issues.

37. Defendant required Plaintiff to be accessible 24x7 when normal CenturyLink channels failed to meet customer's expectations.

38. The day-to-day primary responsibilities of Plaintiff included answering emails in under sixty (60) minutes from their receipt. The emails correspondence was between a customer or channel partner asking for escalation of the issue or a status update.

39. Plaintiff provided the updates via email. The information provided by Plaintiff was the same information that the repair team provided.

40. At no time did Plaintiff conduct computer or software repairs. This was the responsibility of the repair teams.

41. As a "Senior Post Sales Engineer," Plaintiff had no ability to write access the ticketing systems. Plaintiff's ability to write tickets was equal to the customer.

42. In the event Plaintiff needed to speak with the repair team, Plaintiff was required to follow the same protocol as the customer and call the repair team at a specific 1-800 number.

43. When a matter warranted review for escalation, Plaintiff completed an automated form to request escalation. The escalation team made the decision of whether escalation was warranted within sixty (60) minutes.

44. Plaintiff had the ability to determine whether a ticket warranted escalation, but at no time did Plaintiff have the authority to escalate said ticket. Plaintiff merely submitted the request for escalation to the escalations team.

45. Plaintiff's job responsibilities did not include the application of system analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications.

46. Plaintiff's job responsibilities did not include the design, development, documentation, creation, testing or modification of computer systems or programs.

6

47. Plaintiff's job responsibilities did not include the design, documentation, testing, creation or modification of computer programs related to machine operating systems.

48. Plaintiff exercised little to no independent decision making authority. Instead, Plaintiff merely communicated information via email to others with specialized knowledge necessary to complete the required repairs.

49. Plaintiff's job duties and responsibilities did not include setting pay rates, or determining pay raises.

50. Plaintiff's job duties and responsibilities did not include setting work schedules of any employee.

51. Plaintiff's job duties and responsibilities did not include awarding "promotions" or determining who would "advance" in the company.

52. Plaintiff's job duties and responsibilities did not include determining staffing levels.

53. Plaintiff's job duties and responsibilities did not include conducting employee interviews.

54. Plaintiff's job duties and responsibilities did not include the authority to discipline any other employee employed by Defendant.

55. Plaintiff's job duties and responsibilities did not include assigning work to employees employed by Defendant.

56. Plaintiff's job duties and responsibilities did not include formulating, affecting, interpreting, or implementing management policies or operating practices.

57. Plaintiff was not permitted to deviate from established policies and procedures without prior approval.

58. Plaintiff's job duties and responsibilities did not include making job assignments.

59. Plaintiff was micromanaged and tightly controlled by company policy and Defendant.

60. Plaintiff did not possess final authority as to any matter of any marginal import while employed with Defendant.

61. Plaintiff was required to obtain authorization from Defendant for even the most minor decisions.

62. Plaintiff's job duties and responsibilities did not include exercising discretion or independent judgment as to matters of significance.

63. Plaintiff's job duties and responsibilities did not include exercising judgment in selecting amongst alternative options while employed with Defendant.

64. Plaintiff's job duties and responsibilities did not include exercising independent choice that was free from immediate supervision.

65. Plaintiff's job duties and responsibilities included routine, standardized duties.

66. Plaintiff was not paid for any overtime hours worked during each week. Plaintiff was misclassified to avoid paying this overtime pay for hours worked over forty hours per week and over twelve hours per day.

67. During the relevant time period, Plaintiff was required to work between nine (9) and thirteen (13) hours per day to complete the tasks required by Defendant, resulting in at least ten (10) hours of unpaid overtime per week.

68. Plaintiff customarily and regularly performed non-exempt work while employed with Defendant, as this work was never supervisory or highly skilled in nature.

69. Plaintiff has been improperly classified as "executive," "administrative," "professional," or any other exempt class of worker.

## FIRST CLAIM FOR RELIEF
Violation of the Fair Labor Standards Act
29 USC. §201, et. seq.

70. The preceding allegations are incorporated by reference as if fully stated herein.

71. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 et seq.

72. Plaintiff is an "employee" pursuant to 29 U.S.C. § 203(e)(1).

73. Defendant is an "employer" pursuant to 29 U.S.C. § 203(d).

74. Defendant suffered and/or permitted Plaintiff to work pursuant to 29 U.S.C. § 203(g).

75. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff when he worked as a "Senior Post Sales Engineer." Accordingly, Plaintiff must be paid overtime pay in accordance with the FLSA.

76. The FLSA regulates, among other things, payment of overtime pay by employers whose employees are engaged in the alleged activities of the Defendant.

77. Defendant was, and is, subject to the recordkeeping, minimum wage, and overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

78. Defendant violated the FLSA by failing to pay Plaintiff all of his time worked, including overtime. In the course of perpetrating these unlawful practices, Defendant has also willfully failed to keep accurate records of all hours worked by employees.

79. Plaintiff is victim of a uniform compensation policy practice.

80. Plaintiff is entitled to damages equal to the unpaid wages and mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable and agreed-upon tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

81. Defendant has not acted in good faith, nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should it be determined Defendant did not act willfully in failing to pay overtime wages, Plaintiff is entitled to an award of pre- and post-judgment interest at the applicable legal rate.

82. As a result of the aforesaid willful violations of the FLSA minimum wage and overtime provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff for which Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**SECOND CLAIM FOR RELIEF**
Violation of the Colorado Wage Claim Act and Failure to Maintain Records
C.R.S. § 8-4-101 et. seq.

83. The preceding allegations are incorporated by reference as if fully stated herein.

84. Defendant violated the Colorado Wage Claim Act. C.R.S. § 8-4-101 et. seq.

85. Defendant is in the Retail and Service industry. 7 C.C.R. §1103-1:2(A).

86. Defendant is required under Colorado law to pay Plaintiff for all time worked. 7 C.C.R. § 1103-2.

87. Defendant is required under Colorado law to pay Plaintiff overtime for all hours worked over twelve (12) in a workday and all hours worked over forty (40) in a work week. 7 C.C.R. § 1103-4.

88. Defendant is required under Colorado law to maintain accurate daily records of all hours worked by its employees. 7 C.C.R. § 1103-12.

89. Defendant failed to properly pay Plaintiff straight time for all hours worked.

90. Defendant failed to pay Plaintiff overtime for all hours worked over twelve (12) in a day and forty (40) in a week.

91. Plaintiff has been damaged in an amount permitted under the law to be determined at trial.

92. As a direct and proximate result of CenturyLink's failure and refusal to pay for off-the-clock work in violation of the Colorado Wage Claim Act, Plaintiff has been deprived of his rightfully earned wages, including regular time and overtime pay, and any other compensation of which he was deprived, and is entitled to recover from CenturyLink all such unpaid wages and compensation, penalties, attorneys' fees and costs, prejudgment interest, and all other appropriate relief.

### THIRD CLAIM FOR RELIEF
Unjust Enrichment

93. The preceding allegations are incorporated by reference as if fully stated herein.

94. Plaintiff conferred upon CenturyLink a benefit by performing unpaid work off-the-clock for CenturyLink, as demanded and required by CenturyLink.

95. Defendant received this benefit of work performed by Plaintiff without paying him for this work.

96. Plaintiff was not compensated for these off-the-clock hours.

97. CenturyLink's retention of this benefit of work performed without paying for the work is unjust.

98. CenturyLink's misclassification of Plaintiff and acceptance and retention of the benefit of Plaintiff's off-the-clock work without paying for it, and the resultant savings by refusing and failing to pay for such work, by saving and avoiding payroll and labor costs, by diverting those savings to other company functions and priorities, and by enjoying the increased profits that CenturyLink received as a result of its misclassification and refusal to pay Plaintiff for all work performed, is inequitable and contrary to the fundamental principles of justice, equity, and good conscience, and, as such, Plaintiff may recover under the unjust enrichment doctrine.

99. As a direct and proximate result of CenturyLink's actions, Defendant has reaped unfair benefits and illegal profits at the expense of Plaintiff. CenturyLink should be made to account for, and restore to Plaintiff the monies that were wrongly reaped by Defendant at Plaintiff's expense.

## **FOURTH CLAIM FOR RELIEF**
In the Alternative, *Quantum Meruit*

100. The preceding allegations are incorporated by reference as if fully stated herein.

101. Plaintiff performed work for CenturyLink off-the-clock for which CenturyLink refused and failed to pay.

102. CenturyLink accepted this work performed by Plaintiff.

103. As a direct and proximate result of CentruyLink's improper classification of Plaintiff as exempt and its subsequent refusal to pay for off-the-clock work, Plaintiff is entitled to

the reasonable value of all of his work performed for Defendant and shall so demonstrate this reasonable value through discovery and at the trial of this matter.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of compensation for which he has not been properly paid, liquidated damages, reasonable attorneys' fees and costs, prejudgment interest, and for all other appropriate relief.

## JURY DEMAND

Plaintiff requests a trial to a jury on all issues so triable.

Dated: April 27, 2017.

Respectfully submitted,

*/s/Andrew C. Quisenberry*
Sara A. Green, Esq.
Andrew C. Quisenberry, Esq.
BACHUS & SCHANKER, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Telephone: 303.893.9800
Facsimile: 303.893.9900
Sara.green@coloradolaw.net
Andrew.quisenberry@coloradolaw.net

*Attorneys for Plaintiff*